IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN ENTERPRISES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:17-CV-1219-D |
| | § | |
| INDEPENDENCE PROFESSIONAL HOCKEY, LLC, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Ryan Enterprises, LLC's ("Ryan's") May 31, 2017 motion to remand or transfer is denied, and defendants' July 12, 2017 motion for leave to amend is granted.[1]

I

At the outset, it should be noted that this case was not removable in the first place due to the presence of several Texas-citizen defendants, but Ryan waived this procedural defect by failing to file a timely motion to remand.

According to defendants' amended notice of removal—which they filed at the court's direction—defendant Independence Professional Hockey, LLC ("Independence") is a Texas citizen because three of its four members are Texas citizens.[2] Defendant Central Partners, LLC ("Central")

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]"All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf*

is a Texas citizen at least because Independence is one of its members, and three of Independence's members are Texas citizens, and another of Central's members is QCM Holdings, Inc., which is also alleged to be a Texas citizen. And defendant Matt Adams is also alleged to be a Texas citizen. A case cannot be removed to federal court on the basis of diversity of citizenship when a properly joined and served in-state citizen is a defendant. *See* 28 U.S.C. § 1441(b). In other words, even when, as here, there is complete diversity of citizenship,[3] the removal statute does not permit removal to a federal district court in Texas when there is a properly joined and served *Texas* citizen defendant.

Nevertheless, this type of defect is procedural. *See, e.g., Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 295 n.18 (5th Cir. 2010) ("[A] procedural defect is any defect that does not go to the question of whether the case originally could have been brought in federal district court." (citing *Williams v. AC Spark Plugs Div. of Gen'l Motors Corp.*, 985 F.2d 783, 787 (5th Cir.1993))).

> If a plaintiff initially could have filed his action in federal court, yet chose to file in state court, even if a statutory provision prohibits the defendant from removing the action and the defendant removes despite a statutory proscription against such removal, the plaintiff must object to the improper removal within thirty days after the removal, or he waives his objection.

*Williams*, 985 F.2d at 787.

Ryan was therefore required to raise this procedural defect within 30 days of the date the case was removed, or it waived its objection. *See id.* Defendants removed this case (albeit to the

---

*Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (collecting cases).

[3]In this case, there is alleged to be complete diversity because Ryan's sole member is alleged to be a Connecticut citizen, and no defendant is alleged to be a Connecticut citizen.

wrong division of this court)[4] on April 27, 2017. Ryan did not file its motion to remand until May 31, 2017 (and even then it did not raise this ground as a basis for its remand motion). Because more than 30 days elapsed, Ryan waived this procedural defect.

II

A

Ryan moves to remand on the ground that defendants have neither asserted nor established that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. If the plaintiff's state court petition demands monetary relief of a stated sum, that sum, if asserted in good faith, is deemed to be the amount in controversy. *Dart Cherokee Basin Operating Co. v. Owens*, ___ U.S. ___, 135 S.Ct. 547, 551 (2014). But when, as here, the plaintiff's state court petition does not state the amount in controversy, the defendants' notice of removal must make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 553-54. No evidence is required unless and until the plaintiff contests, or the court questions, the allegation. *See id.* at 551, 554.

If the plaintiff contests the allegation, then the defendant must prove, by a preponderance of the evidence, that the amount in controversy requirement has been satisfied. *Id.* at 554 (explaining that, if plaintiff contests defendant's allegation, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied"); *see also Allee Corp. v. Reynolds & Reynolds Co.*, 2015 WL 1914663, at *3 (N.D. Tex. Apr. 28, 2015) (Fitzwater, J.). The defendant's burden "is met if (1) it is apparent from the face of

---

[4] Defendants removed the case to the Lubbock Division rather than to the Dallas Division. Judge Cummings later transferred the case to the Dallas Division due to the removal to the wrong division.

the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (internal quotation marks omitted). If the defendant can produce evidence sufficient to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

In the present case, even if the court assumes that it is not apparent from the face of Ryan's state court petition that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs—because the petition does not actually make that claim—it concludes that defendants by their analysis of the petition have proved by a preponderance of the evidence that the amount in controversy requirement is met. *See* Ds. Resp. 3, ¶ 8 (explaining that Ryan alleges that Stephen M. Ryan, Jr. worked for nearly one year as Commissioner and Chief Executive Officer of the Central Hockey League without being paid his base monthly salary of $15,400 or $15,900, severance pay, or reimbursement for reasonable business expenses, which totals approximately $169,400, from October 2013 to September 2014).

The court therefore denies the motion to remand.

B

Ryan's alternative motion to transfer this case to the Dallas Division is denied as moot because Judge Cummings transferred the case to this division on May 8, 2017.

III

Defendants' July 12, 2017 motion for leave to amend is granted, and defendants are granted leave to file their first amended original answer. Ryan maintains that defendants' motion should be denied because they should not be permitted to amend to assert futile or frivolous defenses. But the court declines to deny a motion to amend that is presumed to be timely because it was filed before the August 15, 2017 deadline that Judge Cummings imposed for filing motions for leave to amend, *see, e.g., Pyramid Transportation, Inc. v. Greatwide Dallas Mavis, LLC*, 2012 WL 5875603, at *2 (N.D. Tex. Nov. 21, 2012) (Fitzwater, C.J.), and about 2½ months after the case was removed to this court. And this court almost invariably declines to consider futility of amendment in the context of a motion for leave to amend. As this court has frequently noted, its almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer. *See, e.g., Klein v. Fed. Ins. Co.*, 2014 WL 239652, at *6 (N.D. Tex. Jan. 22, 2014) (Fitzwater, C.J.).

The court therefore grants defendants' motion for leave to amend.

* * *

Accordingly, Ryan's motion to remand or transfer is denied, and defendants' motion for leave to amend is granted.[5]

**SO ORDERED**.

July 31, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

[5]The court will decide in due course defendants' June 26, 2017 motion to transfer venue and, if necessary, Ryan's July 17, 2017 motion for partial summary judgment on breach of contract claims against certain defendants.